UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC HEALTH REFORM ALLIANCE,<br>c/o Binnall Law Group<br>717 King Street, Suite 200<br>Alexandria, Virginia 22314<br><br>    *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>c/o General Counsel<br>200 Independence Avenue, S.W.,<br>Washington, D.C. 20201,<br><br>    *Defendant*. | Case No.: _____ |

## COMPLAINT

1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the release of records requested by Public Health Reform Alliance ("PHRA") from the United States Department of Health and Human Services ("HHS").

## PARTIES

2.      Plaintiff Public Health Reform Alliance is a nonpartisan organization that educates the public on the public health system and promotes government transparency and accountability in public health agencies. In furtherance of its public education mission, PHRA regularly issues FOIA requests.

3. Defendant United States Department of Health and Human Services is an agency within the meaning of 5 U.S.C. § 552(f)(1). Multiple agency components within HHS have possession, custody, and control of records to which PHRA seeks access and which are the subject of this Complaint, including Centers for Medicare and Medicaid Services ("CMS").

## JURISDICTION AND VENUE

4. This Court has personal and subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA and PHRA is deemed to have exhausted its administrative remedies.

5. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## STATEMENT OF FACTS

6. On August 12, 2024, pursuant to FOIA, PHRA sent to HHS a FOIA request asking for, from July 1, 2022, to September 1, 2023: "Communications to or from the listed custodians and officials from the White House (domain: eop.gov) regarding the selection of drugs for the Medicare Drug Price Negotiation Program." PHRA listed eleven different custodians and suggested ten different search terms (the "First Request"). Exhibit A.

7. On October 15, 2024, HHS responded, acknowledging receipt of the First Request, and noting that it needed additional time. Exhibit B.

8. Having not heard anything, on November 8, 2024, PHRA emailed HHS inquiring as to the status of the First Request and asking when HHS would produce documents. Exhibit C.

9. HHS responded on November 13, 2024, noting that its FOIA office was dealing with a "backlog," and could not provide an estimated date of completion for the First Request. Exhibit C.

10. Also on August 12, 2024, pursuant to FOIA, PHRA sent to CMS, a component of Defendant, a FOIA request asking for, from July 1, 2022, to September 1, 2023: "Communications to or from the listed custodians and officials from the White House (domain: eop.gov) regarding the selection of drugs for the Medicare Drug Price Negotiation Program." PHRA listed seven different custodians and suggested ten different search terms (the "Second Request"). Exhibit D.

11. On August 12, 2024, CMS responded, acknowledging receipt of the Second Request, and providing a tracking number. Exhibit E.

12. Next on August 12, 2024, pursuant to FOIA, PHRA sent to CMS, a component of Defendant, a FOIA request asking for, from July 1, 2022, to September 1, 2023: "Communications to, from, and including the listed custodians regarding the selection of drugs for the Medicare Drug Price Negotiation Program." PHRA listed seven different custodians and suggested ten different search terms (the "Third Request"). Exhibit F.

13. On August 14, 2024, CMS responded, acknowledging receipt of the Third Request, and providing a tracking number. Exhibit G.

14. Having not heard anything, on November 8, 2024, PHRA emailed CMS inquiring as to the status of the Third Request and asking when CMS would produce documents. Exhibit H.

15. On November 12, 2024, CMS responded, noting it would take nine to twelve months to process the Third Request. Exhibit I.

16. Lastly, on September 4, 2024, pursuant to FOIA, PHRA sent to CMS, a component of Defendant, a FOIA request asking for, from July 1, 2022, to September 1, 2023: "Communications to or from the listed custodians and employees of the listed drug manufacturers regarding the Medicare Drug Price Negotiation Program." PHRA listed six different custodians and nine different drug manufacturers (the "Fourth Request"). Exhibit J.

17. On September 12, 2024, CMS responded, acknowledging receipt of the Fourth Request, and providing a tracking number. Exhibit K.

18. Having not heard anything, on December 3, 2024, PHRA emailed CMS inquiring as to the status of the Fourth Request and asking when CMS would produce documents. Exhibit L.

19. CMS responded on December 4, 2024, noting that it was still processing the Fourth Request. Exhibit L.

20. To date, Defendant has not issued a final response to the First, Second, Third, or Fourth Requests and is in violation of FOIA's timeliness requirements.

21. Defendant continues to improperly withhold the requested information from PHRA.

4

## CAUSES OF ACTION

### COUNT I

### (Violation of FOIA: Failure to Comply with Statutory Deadlines)

22. PHRA incorporates by reference the above paragraphs as though set forth fully herein.

23. FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

24. On August 12, 2024, PHRA properly issued the First Request.

25. PHRA has a legal right under FOIA to obtain the agency records described in the First Request in a timely manner and in accordance with the requirements set forth in FOIA. Because Defendant is an "agency" subject to FOIA, it must release all non-exempt records and provide legitimate reasons for withholding any records.

26. FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B). If an agency requires additional time, FOIA mandates that the agency provide requesters "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" 5 U.S.C. § 552(a)(6)(B)(ii).

27. HHS categorized the First Request as involving "unusual circumstances." The thirty (30) business day time limit, however, has expired for the First Request. Defendant accordingly has improperly denied PHRA's access to agency records by failing to issue final determinations on the First Request, within the statutory time limit set forth in 5 U.S.C. § 552(a)(6).

5

28. Defendant has further failed to comply with FOIA, insofar as it has not "arrange[d] . . . an alternative time frame" for responding to the First Request. *Id*. Instead, Defendant has issued vague responses that contain neither an estimated date of completion nor an invitation to contact the agency for the purposes of negotiating an "alternative" response date. PHRA does not believe it has the ability to arrange for an alternative time frame for Defendant's final responses.

29. PHRA has exhausted any and all administrative remedies under 5 U.S.C. § 552(a)(6)(C).

30. PHRA has been and is currently being irreparably harmed by Defendant's unlawful withholding of the requested agency information, and PHRA will continue to be irreparably harmed until Defendant is compelled to conform their conduct to the requirements of FOIA.

## COUNT II
### (Violation of FOIA: Failure to Comply with Statutory Deadlines)

31. PHRA incorporates by reference the above paragraphs as though set forth fully herein.

32. FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

33. On August 12, 2024, PHRA properly issued the Second Request.

34. PHRA has a legal right under FOIA to obtain the agency records described in the Second Request in a timely manner and in accordance with the requirements set forth in FOIA. Because Defendant is an "agency" subject to FOIA,

it must release all non-exempt records and provide legitimate reasons for withholding any records.

35. FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B). If an agency requires additional time, FOIA mandates that the agency provide requesters "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" 5 U.S.C. § 552(a)(6)(B)(ii).

36. The twenty (20) business day time limit has expired for the Second Request. Defendant accordingly has improperly denied PHRA's access to agency records by failing to issue final determinations on the Second Request, within the statutory time limit set forth in 5 U.S.C. § 552(a)(6).

37. Defendant has further failed to comply with FOIA, insofar as it has not "arrange[d] . . . an alternative time frame" for responding to the Second Request. *Id*. Instead, Defendant has issued vague responses that contain neither an estimated date of completion nor an invitation to contact the agency for the purposes of negotiating an "alternative" response date. PHRA does not believe it has the ability to arrange for an alternative time frame for Defendant's final responses.

38. PHRA has exhausted any and all administrative remedies under 5 U.S.C. § 552(a)(6)(C).

39. PHRA has been and is currently being irreparably harmed by Defendant's unlawful withholding of the requested agency information, and PHRA

7

will continue to be irreparably harmed until Defendant is compelled to conform their conduct to the requirements of FOIA.

## COUNT III
### (Violation of FOIA: Failure to Comply with Statutory Deadlines)

40. PHRA incorporates by reference the above paragraphs as though set forth fully herein.

41. FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

42. On August 12, 2024, PHRA properly issued the Third Request.

43. PHRA has a legal right under FOIA to obtain the agency records described in the Third Request in a timely manner and in accordance with the requirements set forth in FOIA. Because Defendant is an "agency" subject to FOIA, it must release all non-exempt records and provide legitimate reasons for withholding any records.

44. FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B). If an agency requires additional time, FOIA mandates that the agency provide requesters "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" 5 U.S.C. § 552(a)(6)(B)(ii).

45. The twenty (20) business day time limit has expired for the Third Request. Defendant accordingly has improperly denied PHRA's access to agency records by failing to issue final determinations on the Third Request, within the statutory time limit set forth in 5 U.S.C. § 552(a)(6).

46. Defendant has further failed to comply with FOIA, insofar as it has not "arrange[d] . . . an alternative time frame" for responding to the Third Request. *Id*. Instead, Defendant has issued vague responses that contain a vague estimated date of completion nearly a year out and has not offered an invitation to contact the agency for the purposes of negotiating an earlier "alternative" response date that would be in compliance with FOIA. PHRA does not believe it has the ability to arrange for an alternative time frame for Defendant's final responses that would be in compliance with FOIA.

47. PHRA has exhausted any and all administrative remedies under 5 U.S.C. § 552(a)(6)(C).

48. PHRA has been and is currently being irreparably harmed by Defendant's unlawful withholding of the requested agency information, and PHRA will continue to be irreparably harmed until Defendant is compelled to conform their conduct to the requirements of FOIA.

## COUNT IV
### (Violation of FOIA: Failure to Comply with Statutory Deadlines)

49. PHRA incorporates by reference the above paragraphs as though set forth fully herein.

50. FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

51. On September 4, 2024, PHRA properly issued the Fourth Request.

52. PHRA has a legal right under FOIA to obtain the agency records described in the Fourth Request in a timely manner and in accordance with the

9

requirements set forth in FOIA. Because Defendant is an "agency" subject to FOIA, it must release all non-exempt records and provide legitimate reasons for withholding any records.

53. FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B). If an agency requires additional time, FOIA mandates that the agency provide requesters "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" 5 U.S.C. § 552(a)(6)(B)(ii).

54. The twenty (20) business day time limit has expired for the Fourth Request. Defendant accordingly has improperly denied PHRA's access to agency records by failing to issue final determinations on the Fourth Request, within the statutory time limit set forth in 5 U.S.C. § 552(a)(6).

55. Defendant has further failed to comply with FOIA, insofar as it has not "arrange[d] . . . an alternative time frame" for responding to the Fourth Request. *Id.* Instead, Defendant has issued vague responses that contain neither an estimated date of completion nor an invitation to contact the agency for the purposes of negotiating an "alternative" response date. PHRA does not believe it has the ability to arrange for an alternative time frame for Defendant's final responses.

56. PHRA has exhausted any and all administrative remedies under 5 U.S.C. § 552(a)(6)(C).

57. PHRA has been and is currently being irreparably harmed by Defendant's unlawful withholding of the requested agency information, and PHRA

10

will continue to be irreparably harmed until Defendant is compelled to conform their conduct to the requirements of FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PHRA respectfully requests that the Court enter judgment against Defendant, and provide PHRA with the following relief:

a. An order declaring that Defendant's actions violated PHRA's statutory rights under 5 U.S.C. § 552;

b. An Order that Defendant issue a determination, and that Defendant shall conduct a diligent search for any and all records responsive to the First, Second, Third, and Fourth Requests and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records responsive to the First, Second, Third, and Fourth Requests, selected from among those methods available to Defendant;

c. An Order that Defendant produce, by a date certain, any and all non-exempt records responsive to the First, Second, Third, and Fourth Requests and a Vaughn index of any responsive records withheld under claim of exemption;

d. An Order awarding to PHRA its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

11

e. An Order granting to PHRA all further relief to which PHRA may be entitled.

Dated: February 18, 2024

PUBLIC HEALTH REFORM ALLIANCE
*By Counsel*

Respectfully submitted,

*/s/ Jesse R. Binnall*
Jesse R. Binnall (VA022)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: jesse@binnall.com

*Counsel for Plaintiff*