# Exhibit A

# PUBLIC HEALTH
## REFORM ALLIANCE

August 12, 2024

Submitted electronically at https://www.foia.gov/

FOIA Officer/Director
Freedom of Information and Privacy Acts Division
Hubert H. Humphrey Bldg, Suite 729H
200 Independence Avenue, SW
Washington, DC 20201

**Freedom of Information Act Request: Communications Regarding the Medicare Drug Price Negotiation Program**

Dear Freedom of Information Act Officer:

The Public Health Reform Alliance (PHRA) hereby submits a request for records in accordance with the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the implementing regulations established by the HHS. PHRA, a nonpartisan organization, is committed to conducting research, investigations, and educational initiatives aimed at advancing governmental transparency and function. We kindly request your timely response, adhering to the mandates outlined in FOIA, 5 U.S.C. § 522(a)(6)(A).

<u>BACKGROUND</u>

In August 2023, the HHS selected the first 10 drugs for the Medicare Drug Price Negotiation Program, a result of provisions within the Inflation Reduction Act that are said to lower drug costs and reduce federal spending.[1] There is public interest in learning why the 10 drugs were chosen for price negotiations while others were excluded from this federal initiative.

<u>REQUESTED RECORDS</u>

PHRA requests the following from the HHS from July 1, 2022, to September 1, 2023:

1. Communications to or from the listed custodians and officials from the White House (domain: eop.gov) regarding the selection of drugs for the Medicare Drug Price Negotiation Program.

Custodians:
- Xavier Becerra, Secretary
- Sean McCluskie, Chief of Staff

---

[1] https://www.hhs.gov/about/news/2023/08/29/hhs-selects-the-first-drugs-for-medicare-drug-price-negotiation.html

- Bertha Alisia Guerrero, Director of Intergovernmental and External Affairs
- Jeffrey Nesbit, Assistant Secretary for Public Affairs
- Sara Lonardo, Deputy Assistant Secretary for Public Affairs for Health Care
- Tisamarie Sherry, Acting Assistant Secretary for Planning and Evaluation
- Tom Buchmueller, Deputy Assistant Secretary, Office of Health Policy
- Nancy DeLew, Associate Deputy Assistant Secretary, Office of Health Policy
- Christie Peters, Director, Division of Health Care Access and Coverage
- Steve Sheingold, Director, Division of Health Care Financing Policy
- Andre Chappel, Director, Division of Public Health Services

Suggested search terms:
- Eliquis
- Jardiance
- Xarelto
- Januvia
- Farxiga
- Entresto
- Enbrel
- Imbruvica
- Stelara
- Fiasp

Communications should include emails (with any attachments), text messages from default mobile texting platforms, text messages from encrypted messaging applications, calendar entries (including invitations and responses), phone call logs, and records of chats and meetings in virtual meeting and productivity platforms (Zoom, Microsoft Teams, Slack, and similar platforms).

Communications should be specific to the correspondence described in the requested search. They should not include broad, agency wide announcements shared without comments, news articles shared without comments, or spam messages.

This request is not meant to exclude any other records that, although not specifically requested, are reasonably related to the subject matter of this request.

We ask that you please provide all records in an electronic format and, to the extent possible, in native file format or, if not practicable, with full metadata for all fields. Please provide records in either a load-ready format with an index in .csv file or Excel spreadsheet, or in PDF format without any portfolios or embedded files, and not in a single batched pdf file.

If you should seek to withhold or redact any responsive records, we request that you do the following: 1) Identify each record with date, author, parties copied, recipient, 2) explain basis for withholding material, 3) provide all separatable portions which you claim a specific exemption[2],

---

[2] See 5 U.S.C. § 552(b).

correlate redactions with specific exemptions under FOIA.

If records that can be reasonably responsive to this request are withheld, please indicate this and state reasons for doing so as a part of your response. Agencies can only deny requests if they reasonably believe the information will harm interests protected by the exemption.[3]

Should you decide to invoke a FOIA exemption or any subsection exclusions, please include sufficient information for us to assess the basis for the exemption, including any interests that would be harmed by release. Please include a detailed registry with 1) the basic factual material about each withheld record (originator, date, length, subject matter, location of each item, and 2) justifications for each withheld record. This should include an explanation of how each exemption applies to the withheld information. Such justifications and statements help decide whether to appeal an adverse determination and may allow you to avoid litigation.

If you determine that portions of the records requested are exempt from disclosure, we request that you separate the exempt portions and send the non-exempt portions to my email address below within the statutory time limit.[4]

<u>FEE WAIVER</u>

Pursuant to 5 U.S.C. § 552 and the relevant FOIA regulations, we request a waiver of fees for searching and producing the requested records. FOIA provides for a waiver of fees when a request is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

PHRA is a "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience" and thus qualifies as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii).

Below, we will explain (1) PHRA qualifies as a representative of the news media, 2) PHRA has no commercial interests, 3) how disclosure of the requested records will lead to a significantly increased public understanding of the subject, and (4) that disclosure of the records will contribute to the understanding of a reasonably broad audience.

1. *Representative of the News Media*

PHRA is a "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience" and qualifies as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii).

---

[3] FOIA Improvement Act of 2016 (Public Law No. 114-185), 5 U.S.C. § 552(a)(8)(A).
[4] 5 U.S.C. § 552(b).

"Representative of the news media" for the purpose of FOIA regulation was defined in *Cause of Action v. Federal Trade Commission*, as having to meet 5 criteria: "A requester must: (1) gather information of potential interest (2) to a segment of the public; (3) use its editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience.[5] In addition, the news-media fee waiver applies only to records that "are not sought for commercial use."[6] While PHRA is a new organization, we will use the requested records to write original reports, posted and distribute through our online website and communications, where we will disseminate the records and our analysis to the general public.

2. *Commercial Use*

PHRA is a nonpartisan organization and will realize no commercial benefit from the release of the requested records. Disclosure is not connected with any commercial interest of the requestors.

3. *Disclosure of the Requested Records Will Contribute Significantly to An Understanding of the Federal Government's Operations and Activities*

"In most cases records possessed by a federal agency will meet [the] threshold" of relating to the "operations or activities of the government."[7] PHRA meets this factor.

Disclosure of the requested records will contribute significantly to the understanding of government operations and activities. The records are certain to contribute to the public's understanding of the federal government's selection of drugs for the Medicare Drug Price Negotiation Program.

Obtaining these records extends beyond their intrinsic informational value. Transparency regarding the decisions of federal officials better serves the public, and the records would provide better insight into government decisions. Release of the records will undisputedly greatly increase the public's understanding of the agency's decisions.

4. *Disclosure of the Requested Records Will Contribute to the Understanding of a Reasonably Broad Audience*

PHRA has the mechanisms in place and the intent to disseminate information from the requested records to a broad audience. PHRA has expertise, a website to share information, and has media publications, reporters, and bloggers that are interested in disseminating our findings and published works. Through these mechanisms, PHRA will circulate the information to the public.

---

[5] 5 U.S.C. § 552(a)(4)(A)(ii)
[6] Id. § 552(a)(4)(A)(ii)(II)."
*Cause of Action*, 700 F.3d at 1120
[7] See Dep. Of Justice FOIA Guide:
https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/fees-feewaivers.pdf

A large audience of Medicare beneficiaries, the media, and taxpayers alike would be interested in gaining transparency into drug selections for the Medicare Drug Price Negotiation program.


## PHRA QUALIFIES FOR A FEE WAIVER

PHRA qualifies for a full fee waiver. We anticipate our fee waiver request is granted promptly and the records are searched for without unnecessary delays.

Thank you for your time and attention in handling this request.  Records and all correspondence related to the request should be written to the email below.


Sincerely,


Martin Hoyt
Director
Public Health Reform Alliance
foia@phralliance.org